## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

CHRISTOPHER H. WEST,                )
                                    )
            Petitioner,             )
    v.                              )        Civil Action No. 14-1513-GMS
                                    )
DANA METZGER, Warden, and           )
ATTORNEY GENERAL OF THE             )
STATE OF DELAWARE,                  )
                                    )
            Respondents.[1]         )

Stephen A. Hampton, Esquire, Nicholas Casamento, Esquire and Joseph A. Rastasiewicz, Esquire. Counsel for petitioner.

Karen V. Sullivan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

## MEMORANDUM OPINION

_____, 2017

Wilmington, Delaware

---

[1]Warden Dana Metzger replaced former Warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).


Sleet, District Judge

Pending before the court is an application and an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Christopher H. West ("West"). (D.I. 3; D.I. 9) The State filed an answer in opposition. (D.I. 21) For the following reasons, the court will deny the petition as barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

In January 2012, West pled guilty to one count each of first and second degree robbery. *See West v. State*, 100 A.3d 1022 (Table), 2014 WL 4264922, at *1 (Del. Aug. 28, 2014). On March 30, 2012, the Superior Court sentenced West as a habitual offender to a total of twenty-eight years at Level V incarceration, to be suspended after serving twenty-five years in prison for decreasing levels of supervision. West did not file a direct appeal. *Id.*

On February 27, 2013, West filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion), which the Superior Court denied on January 7, 2014. *See West v. State*, 148 A.3d 687 (Table), 2016 WL 5349354, at *1 (Del. Sept. 23, 2016). The Delaware Supreme Court affirmed that decision on August 28, 2014. *Id.* at *3.

In December 2014, West filed in this court a habeas petition, followed by an amended petition, asserting the following five grounds for relief: (1) his habitual offender sentence is illegal because one of the predicate convictions is illegal; (2) his guilty plea was unknowing and involuntary; (3) defense counsel provided ineffective assistance; (4) his confession was coerced; and (5) he was deprived of his Sixth Amendment right to counsel. (D.I. 3; D.I. 9) The State

filed an answer asserting that the petition should be denied as time-barred or, alternatively, because the claims lack merit. (D.I. 21)

On February 24, 2015, West filed in the Delaware Superior Court a second Rule 61 motion and a motion to withdraw his guilty plea. *See State v. West*, 2015 WL 3429919, at *1-2 (Del. Super. Ct. May 21, 2015). The Superior Court treated the motion to withdraw the guilty plea as West's third Rule 61 motion and denied his second and third Rule 61 motions on May 21, 2015. *Id.*

In April and May of 2016, West filed a Rule 35(a) motion and an amended Rule 35(a) motion for correction of sentence. *See West*, 2016 WL 5349354, at *1. The Superior Court denied the motions, and the Delaware Supreme Court affirmed that decision on September 23, 2016. *See West*, 2016 WL 5349354, at *2.

## II. ONE YEAR STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

West's petition, filed in 2014, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. West does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when West's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced West on March 30, 2012, and he did not appeal. Therefore, West's conviction became final on April 30, 2012.[2] *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). Accordingly, to comply with the one-year limitations period, West had to file his § 2254 petition by April 30, 2013. *See Nunez v. California*, 2014 WL 809206, at *3 n. 9 (N.D. Ohio Feb. 25, 2014)(explaining "[e]very federal circuit that has addressed the issue has concluded that [the] method in [in Fed. R. Civ. P. 6], *i.e.*, the

---

[2]The thirty-day appeal period actually expired on April 29, 2012, which was a Sunday. Therefore, West had until the end of the day on Monday, April 30, 2012, to file an appeal. *See* Del. Sup. Ct. R. 11(a).

'anniversary' method,[3] for calculating a time period applies to [] AEDPA's one-year limitation period."); *Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that former Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

West did not file the instant § 2254 petition until December 21, 2014,[4] approximately one year and eight months after the expiration of AEDPA's statute of limitations. Therefore, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, 560 U.S. 631, 645 (2010)(equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). The court will discuss each doctrine in turn.

## A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). However, the limitations period is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

---

[3]"Under the 'anniversary' method, the first day of the one-year limitations period is the day after the triggering event, thus giving petitioners 'until the close of business on the anniversary date of . . .' the triggering event to file a federal habeas petition." *Nunez*, 2014 WL 809206, at *3 n. 9.

[4]Pursuant to the prisoner mailbox rule, the court adopts as the filing date December 21, 2014, which is the date West signed the petition. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

Here, 302 days of AEDPA's limitations period had already expired when West filed his first Rule 61 motion on February 27, 2013. The Superior Court denied the motion on January 7, 2014, and the Delaware Supreme Court affirmed that decision on August 28, 2014. Therefore, West's Rule 61 motion tolled the limitations period from February 27, 2013 through August 28, 2014.

The limitations clock started to run again on August 29, 2014, and ran the remaining 63 days without interruption[5] until AEDPA's limitations period expired on November 3, 2014.[6] Thus, even with the applicable statutory tolling, the petition is time-barred, unless equitable tolling is available.

## B. Equitable Tolling

In very rare circumstances, the one-year limitations period may be tolled for equitable reasons when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). A petitioner's obligation to act diligently applies to both his filing of the federal habeas application and to his filing of state post-conviction applications. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir.2005). In turn, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

[5]West's second and third Rule 61 motions, and his Rule 35(a) motions, did not have any statutory tolling effect because they were filed after the expiration of AEDPA's limitations period.

[6]The limitations period actually expired on November 2, 2014, which was a Sunday. Therefore, West had until the end of the day on Monday, November 3, 2014, to file a timely habeas petition. *See* Fed. R. Civ. P. 6(a)(3)(A).

5

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at \*3-4 (D. Del. Nov. 28, 2001).

West contends that AEDPA's one-year limitations period should be equitably tolled in this case because (1) prison officials did not mail the habeas petition he provided to them on June 18, 2014, and he did not learn that the petition was not mailed until he left the infirmary on November 10, 2014 (D.I. 24 at 4); (2) prior to committing the crimes, he was in a methadone outpatient program and was in a locked unit for a week (D.I. 3 at 14); (3) he is not mentally capable of representing himself because he suffers from psychological disorders such as ADHD learning disorder, major depression, PTSD, schizophrenia, and mood/bipolar disorder (D.I. 3 at 14); (4) he could not draft a habeas petition while he was under psychiatric close observation ("PCO") from "August and September as well as all of October-March, from 2011-2012" and "June 6, 2014 [through] November 10, 2014" (D.I. 24-2 at 2); (5) he did not have the ability to file a habeas petition when he was incarcerated in Pennsylvania from October 3, 2012 through March 3, 2013 (D.I. 24-2 at 2); and (6) his competency evaluation was performed at the prison rather than at the state hospital (D.I. 3 at 14). After reviewing the record, the court concludes that none of these "reasons" warrant equitable tolling.

To begin, West's contention that prison officials did not mail a habeas petition he allegedly provided to them on June 18, 2014 does not trigger equitable tolling because he has not offered any evidence to support that contention. Contrary to his assertion, the fact that there is no "legal mail" entry on the mail log for June 14, 2013 does not provide support for West's contention that he provided a habeas petition for mailing. (D.I. 24-2 at 4) Moreover, the fact

that West's post-conviction appeal was still pending when he allegedly provided the petition to prison officials for mailing on June 18, 2014 casts a shadow of doubt on the veracity of West's instant allegation, especially when viewed in context with the fact that West let eleven months of Rule 61's one-year filing period lapse before he filed his Rule 61 motion in the Delaware Superior Court. West's unsupported and self-serving assertion that the attorney who represented him in his Rule 61 proceeding[7] told him the Rule 61 decision was final on June 18, 2014 also does not persuade the court that he attempted to mail a petition in June 2014. (D.I. 24 at 4) However, even if West's Rule 61 counsel provided this incorrect information to West, West does not explain why he waited a little more than a month to file the instant petition after his alleged November 2014 discovery that his June 2014 petition was never filed.

Next, West's admission to an outpatient methadone treatment program and his placement in a locked unit do not warrant equitable tolling, because these situations occurred prior to his commission of the offenses for which he is presently incarcerated.

West's attempt to trigger equitable tolling based on his alleged "psychological disorders" is also unavailing. The fact that West suffers from various psychological conditions does not mean that he was inherently incompetent to stand trial, enter a plea, or represent himself during this proceeding. *See Heidnik v. White*, 112 F.3d 105, 109 (3d Cir. 1997). Moreover, mental incompetence may constitute an extraordinary circumstance warranting equitable tolling if the "mental incompetence [] somehow [] affected the petitioner's ability to file a timely habeas petition," but it is not a "*per se* reason to toll a statute of limitations." *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *overruled on other grounds*, *Carey v. Saffold*, 536 U.S. 214 (2002).

---

[7]Although West filed his initial Rule 61 motion while representing himself, the Superior Court subsequently appointed counsel to represent him.

7

Significantly, West has not made any factual showing of mental incapacity during the relevant one-year filing period, see *Lawrence v. Florida*, 549 U.S. 327, 337 (2007), nor has he demonstrated that his alleged psychological disorders actually prevented him from filing the instant petition. Instead, West's assertion that he drafted a habeas petition in June 2014, and his actual drafting and filing of a habeas petition in December 2014, support the conclusion that West's psychological disorders did not prevent West from filing a habeas petition.

The court also rejects West's contention that his placement under psychological close observation ("PCO") during his incarceration warrants equitable tolling. (D.I. 24 at 3) To clarify, AEDPA's one-year limitations period started to run on May 1, 2012, and West's Rule 61 motion statutorily tolled the limitations period from February 27, 2013 through August 28, 2014. Consequently, since equitable tolling is only relevant for the periods from May 1, 2012 to February 27, 2013, and August 29, 2014 through November 3, 2014, the court will focus on these specific periods.

West was classified as a suicide risk inmate, often requiring his placement in the infirmary under PCO at various times throughout his confinement. *See West v. Emig*, 2015 WL 4511012, at *6 (D. Del. July 24, 2015). Even though the record in this case supports West's assertion that he spent "considerable time on PCO status before and after [his] plea," (D.I. 35 at 3), the record does not identify the specific time periods where West was under PCO. *See also West*, 2015 WL 4511012, at *6 (describing West's time in PCO "from September 2011 to February 2012."). After reviewing incident reports from another case West filed in this court, the only clear conclusion the court can draw is that West was not under PCO from May 1, 2012 through August 25, 2012. *See West v. Emig*, Civ. A. No. 13-2103-GMS, D.I. 21-2 at 30, 33, 36, 40 and D.I. 21-3 at 11, 12, 13, 14, 15. Nevertheless, even if West was under PCO for portions

8

(or all) of the relevant time periods in this case, there is no indication that his PCO status prevented him from drafting and filing a basic federal habeas petition during that time period. In fact, West himself alleges that he was permitted to (and did) draft a habeas petition while he was on PCO in June 2014 and under the observation of correctional officers. (D.I. 24 at 4)

Fifth, a petitioner's incarceration in another state does not constitute an extraordinary circumstance for equitable tolling purposes. *See Downes v. Carroll*, 348 F. Supp. 2d 296, 303 (D. Del. 2004). The fact that West actually filed a Rule 61 motion in the Delaware Superior Court on February 27, 2013 while he was incarcerated in Pennsylvania shows that his out-of-state incarceration did not prevent him from pursuing his legal remedies. Therefore, the court will not equitably toll the five month period (October 3, 2012 through March 2, 2013) West was incarcerated in Pennsylvania.

Further, the fact that West's pre-trial competency evaluation was conducted at the prison rather than at a psychiatric hospital does not trigger equitable tolling. Once again, West has failed to demonstrate how the location of his competency evaluation in 2011 or 2012 actually prevented him from timely filing his habeas petition by November 3, 2014.

The court also cannot conclude that West exercised the requisite "due diligence" to warrant equitably tolling the limitations period. As previously mentioned, West filed his Rule 61 motion with less than a month remaining in Rule 61's one-year limitations period. Additionally, even though West claims he learned the June 18, 2014 petition was not filed when he was released from the infirmary on November 10, 2104, he waited until December 21, 2014 to file the instant "identical" petition. These delays do not amount to "due diligence."

Finally, to the extent West's untimely filing was the result of legal ignorance or a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably

9

tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Accordingly, the court will dismiss the petition as time-barred.[8]

## III. PENDING MOTIONS

West filed the following motions during the pendency of this proceeding:

1. Motion for discovery (D.I. 54)

2. Motion to amend petition (D.I. 55)

3. Motion to expand the case with supporting memorandum (D.I. 56)

4. Motion for discovery and to expand the record (D.I. 57)

5. Motion to supplement and clarify the petition (D.I. 58)

6. Motion for injunction for speedier release (D.I. 59)

7. Motion to expand the record (D.I. 60)

8. Second motion to expand the record (D.I. 61)

9. Third motion to expand the record (D.I. 63)

Given the court's conclusion that the petition must be denied as time-barred, the court will dismiss all of the pending motions as moot.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2);

---

[8]Given the court's conclusion that the petition is time-barred, it will not address the State's alternate reasons for denying the petition.

10

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In addition, when a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that West's petition filed pursuant to 28 U.S.C. § 2254 should be denied as time-barred. Reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## V.    CONCLUSION

For the reasons discussed, the court will deny as time-barred West's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. An evidentiary hearing is not warranted, and an appropriate order will be entered.

11