IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CHRISTOPHER H. WEST,            )
                                )
        Petitioner,              )
                                )
    v.                           )    C.A. No. 14-1513 (MN)
                                )
DANA METZER, Warden, and        )
ATTORNEY GENERAL OF THE STATE   )
OF DELAWARE,                    )
                                )
        Respondents.             )

**MEMORANDUM[1]**

## I. INTRODUCTION

Presently pending before the Court is Petitioner Christopher West's Motion for Reconsideration under Federal Rule of Civil Procedure 60(b)(1) and (2) asking the Court to reconsider the October 2017 dismissal of his habeas Petition as time-barred. (D.I. 69). Petitioner has also filed two Motions to Amend the original Rule 60(b) Motion, presumably to also request reconsideration under Rule 60(b)(6). (D.I. 75; D.I. 77). While the Court will grant the Motions to Amend, for the reasons discussed below, it will deny Petitioner's request for reconsideration.

## II. BACKGROUND

In January 2012, Petitioner pled guilty to one count each of first and second degree robbery. *See West v. State*, 100 A.3d 1022 (Table), 2014 WL 4264922, at *1 (Del. Aug. 28, 2014). On March 30, 2012, the Superior Court sentenced Petitioner as a habitual offender to a total of twenty-eight years at Level V incarceration, to be suspended after serving twenty-five years in prison for decreasing levels of supervision. Petitioner did not file a direct appeal. *Id*.

---

[1] This case was re-assigned to the undersigned on September 26, 2018.

On February 27, 2013, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). The Rule 61 motion was referred to a Superior Court Commissioner, who issued a Report and Recommendation to deny the Rule 61 motion. *See State v. West*, 2015 WL 3429919, at *1 (Del. Super. Ct. May 21, 2015). The Superior Court adopted that Report and Recommendation on January 7, 2014 and denied the Rule 61 motion. *Id*. The Delaware Supreme Court affirmed that decision on August 28, 2014. *See West*, 2014 WL 4264922.

In December 2014, Petitioner filed in this Court a habeas petition, followed by an amended petition, asserting the following five grounds for relief: (1) his habitual offender sentence is illegal because one of the predicate convictions is illegal; (2) his guilty plea was unknowing and involuntary; (3) defense counsel provided ineffective assistance; (4) his confession was coerced; and (5) he was deprived of his Sixth Amendment right to counsel. (D.I. 3; D.I. 9). The State filed an answer asserting that the petition should be denied as time-barred or, alternatively, because the claims lack merit. (D.I. 21).

On February 24, 2015, Petitioner filed in the Delaware Superior Court a second Rule 61 motion and a motion to withdraw his guilty plea. *See West*, 2015 WL 3429919, at *1-2. The Superior Court treated the motion to withdraw the guilty plea as Petitioner's third Rule 61 motion and denied his second and third Rule 61 motions on May 21, 2015. *Id*.

In April and May of 2016, Petitioner filed a Rule 35(a) motion and an amended Rule 35(a) motion for correction of sentence. *See West*, 148 A.3d 687 (Table), 2016 WL 5349354, at *1 (Del. Aug. 31, 2016). The Superior Court denied the motions, and the Delaware Supreme Court affirmed that decision on September 23, 2016. *See West*, 2016 WL 5349354, at *2.

On October 23, 2017, the Honorable Gregory M. Sleet denied Petitioner's habeas petition as time-barred. (D.I. 67; D.I. 68). On September 25, 2018, Petitioner filed a Rule 60(b) Motion for Reconsideration, contending that there were reasons "to overturn [the Court's] order denying his Habeas Petition due to 'newly discovered evidence,'" and "mistake and inadvertence," because of the "significantly long stretches of time during which [Petitioner] was housed in cells under Psychological Close Observation ("PCO") status level in which he did not have access to writing material." (D.I. 69 at 4-5). He also filed two Motions to Amend his Rule 60(b) Motion. (D.I. 75; D.I. 77). The Court ordered the State to respond to the Rule 60(b) Motion, and the State filed its Response on November 19, 2018. (D.I. 71; D.I. 73).

## III.   STANDARD OF REVIEW

A motion for reconsideration filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A Rule 60(b) motion, however,

is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, if a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas petition, the court must determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the Court of Appeals and, absent such authorization, a district court cannot consider the merits of a subsequent petition. *See* 28 U.S.C. 2244(b)(3(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

## IV. DISCUSSION

In rejecting Petitioner's argument that the limitations period should be equitably tolled during the time Petitioner was in PCO, Judge Sleet explained that the relevant time periods for equitable tolling purposes were May 1, 2012 to February 27, 2013 and August 29, 2014 through November 3, 2014. (D.I.67 at 9). Judge Sleet further explained,

> [e]ven though the record in this case supports [Petitioner's] assertion that he spent considerable time on PCO status before and after his plea, the record does not identify the specific time periods where [Petitioner] was under PCO. After reviewing incident reports from another case [Petitioner] filed in this court, the only clear conclusion the court can draw is that [Petitioner] was not under PCO from May 1, 2012 through August 25, 2102. Nevertheless, even if West

4

> was under PCO for portions (or all) of the relevant time periods in this case, there is no indication that his PCO status prevented him from drafting and filing a basic federal habeas petition during that time period.

(D.I. 67 at 9-10).

In his original counseled Rule 60(b) Motion, Petitioner asks the Court to vacate the denial of his habeas petition on the basis of mistake or inadvertence under Rule 60(b)(1) or on the basis of newly discovered evidence under Rule 60(b)(2). (D.I. 69). Specifically, Petitioner contends that his placement in PCO prevented him from filing his habeas Petition in a timely manner because he was not provided writing implements. Petitioner asserts that counsel he acquired in late 2017 into 2018 conducted discovery in two separate civil cases involving the Delaware prison system, which resulted in evidence that neither he nor Judge Sleet were aware of when his petition was pending, namely, that his PCO status placed him in a "lock down" situation for 23-24 hours per day during the relevant time periods Judge Sleet questioned in his equitable tolling discussion. (D.I. 70 at 5). The State responded that Petitioner's evidence is not "newly discovered" because it was already known to him when he filed his Petition. According to the State, Petitioner "has failed to show that he was housed in cells under PCO status for significantly long stretches of time during which he did not have access to writing material in order to even attempt to file a habeas petition." (D.I. 73 at 5). In response, Petitioner filed a *pro se* Motion to Amend his Rule 60(b) motion, specifically requesting that the Court consider his PCO/equitable tolling argument under Rule 60(b)(6). (D.I. 75 at 3). Thereafter, Petitioner's counsel filed an Amended Motion to Amend/Correct the original Rule 60(b) Motion asking the Court to consider Petitioner's *pro s*e Motion to Amend as an additional Reply. (D.I. 77).

As an initial matter, the Court notes that the instant Rule 60(b) motion is a true motion for reconsideration and not a second or successive habeas petition because, Petitioner's "ground, if

5

proven, would necessarily result in the reopening of [Petitioner's] federal habeas proceeding." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). *Gonzalez v. Crosby*, 545 U.S. at 535-36 (2005). The Court, however, agrees with the State that Petitioner's evidence does not entitle Petitioner to relief under Rule 60(b)(1) or (2). With respect to Rule 60(b)(1), and as demonstrated in the Court's discussion of Rule 60(b)(6), the housing records and depositions do not demonstrate that the refusal to equitably toll the limitations period was based on a mistake or inadvertence. The housing records and depositions also do not warrant relief under Rule 60(b)(2) because they do not constitute "newly discovered evidence" that was unavailable when Petitioner filed his petition. While the depositions were actually not conducted until 2018, the deposed individuals knew the information presented in those depositions when Petitioner filed his petition in 2014. Moreover, the housing records were available when Petitioner filed his petition. Finally, and most importantly, Petitioner knew he was under PCO status without access to writing implements when he filed the original petition.

Nevertheless, Petitioner has asked to amend the Rule 60(b) Motion to present his request for relief under Rule 60(b)(6), the catchall provision of Rule 60(b). The Third Circuit has opined that a Rule 60(b) motion challenging a court's ruling with respect the AEDPA statute of limitations is "properly construed . . . as arising under Rule 60(b)(6)." *Turner v. Dragovich*, 163 F. App'x 97, 99 (3d Cir. 2006). Because Petitioner is challenging the dismissal of his Petition as time-barred, the Court will grant Petitioner's *pro se* Motion to Amend (D.I. 75) and consider his motion as also filed under Rule 60(b)(6). The Court will grant the counseled Motion to Amend (D.I. 77) to the extent it was filed to permit the Court to consider Petitioner's *pro se* Motion to Amend. Contrary to the request in the counseled motion, the Court will not consider Petitioner's *pro se* Motion to Amend as an additional reply or request to file additional exhibits.

6

Rule 60(b)(6) authorizes relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In *Gonzalez v. Crosby*, the Supreme Court clarified that "a movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535. Nevertheless, the Supreme Court noted that such extraordinary circumstances "will rarely occur in the habeas context." *Id.* Furthermore, when, as here, reconsideration is sought in situations involving the failure to comply with a filing deadline, "[t]o justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 394 (1993).

Petitioner contends that he should be granted relief under Rule 60(b)(6) because: (1) he was in PCO from August 29, 2014 through November 3, 2014 which is akin to solitary confinement; (2) given his mental illness, he was not "allowed to do legal work during the most relevant time frame . . . August 29, 2014 - November 3, 2014"; (3) he waited 303 days to file his Rule 61 motion because the following situations occurred during that time period: his mother passed away, he was going through a divorce, and he is bipolar; (4) he was resentenced in 2016, while his petition was pending, thereby triggering a different starting date for AEDPA's limitations period, and his attempts to amend his petition to include the resentencing transcripts were denied.[2] (D.I. 75). None of these allegations, on its own, constitutes extraordinary circumstances warranting Rule 60(b)(6) relief. Nevertheless, similar to the issue of "extraordinary

---

2    The record contains documents relevant to what Petitioner refers to as his "resentencing." *See* D.I. 44. As explained by the Delaware Supreme Court in its Order dated September 23, 2016, however, Petitioner mistakenly characterizes "the Superior Court's June 7, 2016 hearing on his motion for correction of sentence as a 'resentencing' hearing. In fact, the purpose of the June 7, 2016 hearing, as stated by the Superior Court several times on the record, was simply to clarify something that was said at [Petitioner's] original sentencing hearing." (D.I. 44 at 8).

7

circumstances" for equitable tolling purposes, the Court acknowledges the possibility that Petitioner's status on PCO combined with an actual inability to draft and file a habeas petition may constitute an extraordinary circumstance for Rule 60(b)(6) purposes. As such, the Court will consider whether the exhibits filed with Petitioner's original Rule 60(b) demonstrate that the time he spent in PCO constitutes an extraordinary circumstance under Rule 60(b)(6).

To begin, the Court notes that the exhibits provide sufficient "evidence" to support Petitioner's assertion that he was in PCO from August 31, 2014 through November 3, 2014, the contested time periods for equitable tolling. (D.I. 70-1 at 6-7). In turn, there is sufficient information to conclude that it is more likely than not that Petitioner was not routinely provided with a pen or pencil during that time period. (D.I. 70-5 at 39-41). These exhibits, however, do not demonstrate that Petitioner was unable to draft or file any documents during his time in PCO. For instance, although Petitioner relies on the testimony of Katrina Burley in *West v. Pierce, et al*, the following excerpt from her deposition contradicts his argument:

> Q: In a situation such as [Petitioner's], if he did happen to have a grievance, if he wanted to make known to somebody or have it go through the normal process, how would he make that known or get a grievance into the system if he was precluded from having any kind of writing utensils? Is there a provision made for that?
>
> A: I don't think so. I don't know. He never asked me for a grievance when I was on duty. I don't know if he ever got grievances. He didn't have to get grievances from me. It can be any staff member. It didn't just have to significantly be me because every shift has different officers on them. I don't know if Lezley made a provision for him to file the grievances. I don't know if people filed grievances for him. I don't know.
>
> Q: If he was allowed to file a grievance, he obviously would have to write it or something to that effect. Is it your understanding he would be watched or they would make special arrangements as far as the writing utensil to ensure he wouldn't try to ingest that?
>
> \*       \*       \*

8

> A: I don't know. I don't – I just know he couldn't have a pen, so I don't know if anybody would have done that for him. Somebody on a different shift may have done it but not on my shift.

(D.I. 72 at 115-116).

Moreover, in determining the significance of the exhibits, the Court cannot ignore certain assertions Petitioner made in his petition and additional filings. For instance, in his Reply to the State's Answer, and as noted in Judge Sleet's Opinion, Petitioner himself alleged that he was permitted to (and did) draft a habeas petition in June 2014 under the observation of correctional officers while he was in PCO. (D.I. 24 at 4; D.I. 67 at 10). He explained that "[s]pecial conditions had to be met. Such as a 'Blackbox' and travel chain restraints. Plus mask. Petitioner was on PCO status and not allowed pens. Deputy Warden Scarboro, JTVCC, made special exception but insisted on the restraints as well as 3 officers being in the near-vicinity of [Petitioner]." (D.I. 24 at 4).

Significantly, nothing in Petitioner's Rule 60(b) Motion, subsequent filings, or exhibits demonstrates that Petitioner requested and was denied another opportunity to draft a habeas petition while he was in PCO from August 2014 to November 2014 under "special conditions" similar to those permitted in June 2014. The Court acknowledges that Petitioner may have had no reason to request an opportunity to draft another habeas petition given his allegation that, in June 2014, he "filed what he reasonably believed to be a timely § 2254" and attempted to pay the $5.00 filing fee. (D.I. 24 at 4). In the same document, however, Petitioner contradicts his assertion about filing a petition in June 2014 by stating that "his petition was later confiscated and destroyed." (D.I. 24 at 4; D.I. 24-2 at 2). He cannot have it both ways. If Petitioner believed his June 2014 petition was "confiscated and destroyed," he could have asked for another opportunity to draft a petition under "special conditions" similar to those under which he drafted the June 2014 petition. Because Petitioner could have, but did not, request another opportunity to draft a habeas

9

petition under "special conditions" like those in June 2014, the Court concludes that his PCO status does not constitute an extraordinary circumstance under Rule 60(b)(6) because he was not "faultless" in the delayed filing.

Finally, even if relief pursuant to Rule 60(b) were granted and the Court reconsidered the issue of equitable tolling, the result would be the same. As the Court just concluded with respect to the extraordinary circumstance requirement in Rule 60(b)(6), the fact that prison authorities made special accommodations for Petitioner in June 2014 while he was in PCO suggests that special accommodations could have been arranged for Petitioner to draft a habeas petition while he was in PCO from August 2014 to November 2014. Petitioner does not assert that he requested, but was denied, such special accommodations. Therefore, he cannot demonstrate that his PCO status actually prevented him from filing a timely habeas petition, or that he exercised the requisite reasonable diligence necessary to warrant equitable tolling. In other words, equitable tolling is unavailing even after considering the housing records and depositions.

For all of these reasons, the Court concludes that Petitioner is not entitled to relief under Rule 60(b)(1), (2) or (6). Therefore, the Court will deny Petitioner's Rule 60(b) Motion and his two Amended Rule 60(b) Motions.

## V. <u>CONCLUSION</u>

For the aforementioned reasons, the Court will grant the Motions to Amend and deny the instant Rule 60(b) Motion. In addition, the Court will not issue a certificate of appealability, because reasonable jurists would not debate whether the Rule 60(b) Motion states a valid claim of the denial of a constitutional right or the propriety of this Court's procedural rulings with respect to Petitioner's claims. *See* 28 U.S.C. 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Buck v. Davis*, 137 S.Ct. 759, 773, 775 (2017); *Morris v. Horn*, 187 F.3d 333, 341 (3d

Cir. 1999) (certificate of appealability required to appeal denial of Rule 60(b) motion). A separate Order will be entered.

September 26, 2019

_____
The Honorable Maryellen Noreika
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER H. WEST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 14-1513 (MN) |
| | ) |
| DANA METZER, Warden, and | ) |
| ATTORNEY GENERAL OF THE STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

# ORDER

For the reasons set forth in the Memorandum issued this date, **IT IS HEREBY ORDERED** this 26th day of September 2019 that:

1. Petitioner Christopher West's Motions to Amend his Rule 60(b) Motion (D.I. 75; D.I. 77) are GRANTED.

2. Petitioner's Rule 60(b) Motion (D.I. 69) is **DENIED**.

3. The Court declines to issue a certificate of appealability.

The Honorable Maryellen Noreika
United States District Judge