IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


CHRISTOPHER H. WEST,

        Petitioner,

v.

ROBERT MAY, Warden, and
ATTORNEY GENERAL OF THE
STATE OF DELAWARE,

        Respondents.

Civil Action No. 14-1513-JLH

---

Christopher West. *Pro se* Petitioner.

---

**MEMORANDUM OPINION**

March 11, 2024
Wilmington, Delaware



Hall, District Judge:

This case was reassigned to me on January 9, 2024. At the time of the reassignment, there were several pending motions filed by Petitioner Christopher H. West: two identical *pro se* Motions for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6); a Motion for Prisoner Release pursuant to 18 U.S.C. § 3626; and a Motion for a Hearing by a Three-Judge Panel. (D.I. 115; D.I. 116; D.I. 117; D.I. 118.) For the reasons set forth below, the Court will dismiss the Rule 60(b)(6) Motions for lack of jurisdiction because they each constitute an unauthorized second or successive habeas request. The Court will also deny Petitioner's Motion for Prisoner Release and his Motion for a Hearing by a Three-Judge Panel.

## I. BACKGROUND

As set forth more fully in the Honorable Maryellen Noreika's March 21, 2022 Memorandum Opinion, in January 2012, Petitioner pleaded guilty in the Delaware Superior Court to first- and second-degree robbery. (D.I. 106 at 2.) The Superior Court sentenced Petitioner as a habitual offender to a total of 28 years at Level V incarceration, suspended after serving 25 years in prison for decreasing levels of supervision. Petitioner did not file a direct appeal. (*Id.*) Instead, he filed in the Delaware Superior Court three motions for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motions"), all of which were denied. (*Id.* at 2-3.) Petitioner appealed the denial of his first and third Rule 61 motions, and the Delaware Supreme Court affirmed those decisions. (*Id.*) In 2016, Petitioner filed a Rule 35(a) motion for correction of sentence and an amended Rule 35(a) motion. *See West v. State*, 148 A.3d 687 (Table), 2016 WL 5349354 (Del. Sept. 23, 2016). The Superior Court denied the Rule 35(a) motions, and the Delaware Supreme Court affirmed that decision. (*Id.*)

In the interim, in 2014, Petitioner filed in this Court a *pro se* federal habeas petition ("Petition I"). (D.I. 3; D.I. 9.) In its Answer, the State asserted that Petition I should be dismissed as barred by the one-year limitations period prescribed in 28 U.S.C. § 2244. (D.I. 21.) The Honorable Gregory M. Sleet denied Petition I as time-barred in October 2017, and dismissed as moot several *pro se* motions Petitioner had filed during the pendency of the proceeding; the majority of the *pro se* motions sought discovery, expansion of the record, or supplementation and clarification of the claims in Petition I. (D.I. 67; D.I. 68.) In September 2018, while represented by counsel, Petitioner filed a motion for reconsideration asking to reopen his habeas proceeding under Rule 60(b)(1) and (2) because he had newly discovered evidence supporting his (previously denied) argument for equitable tolling. (D.I. 69; D.I. 70.)

The case was reassigned to the docket of the Honorable Maryellen Noreika. The State filed a Response in opposition. (D.I. 73.) Judge Noreika denied the Rule 60(b)(1),(2) motion for reconsideration. (D.I. 78.) Petitioner appealed, and the Third Circuit vacated the dismissal of the reconsideration motion and remanded the case for a determination as to whether Petitioner had attempted to file a timely habeas petition in June 2014 such that equitable tolling was appropriate. (D.I. 84.) On remand, the State waived the statute of limitations defense because it could neither prove nor disprove whether Petitioner had attempted to timely file a habeas petition. (D.I. 86.) In March 2021, the prior dismissal of the Petition was vacated and the case was reopened. (D.I. 88.)

Upon the request of Petitioner's counsel (D.I. 87), Judge Noreika issued an Order providing Petitioner with an opportunity to "assess whether to re-assert and/or refile" Petitioner's previous *pro se* motions and/or filings. (D.I. 88.) Petitioner's counsel filed a Motion for Discovery and Re-Assertion of Petitioner's *Pro Se* Motions. (D.I. 89.) The filing consisted of four prior *pro se* submissions by Petitioner that had been dismissed as moot when Petition I was denied. Unclear

as to Petitioner's intent in attaching the previously denied filings without any briefing, Judge Noreika issued an Order: (1) rejecting Petitioner's Motion to the extent he was attempting to add any previously rejected "new" claims for relief that were not asserted before the State filed its Answer to Petition I; (2) granting Petitioner's request to supplement and clarify claims that he had asserted prior to the State's filing of its Answer to Petition I; and (3) directing Petitioner's counsel to file a Memorandum clarifying the grounds for relief still being pursued. (D.I. 90.) Thereafter, Petitioner's counsel filed a Memorandum stating that Petitioner was raising the same "several distinct grounds for relief" that had been presented in his original "*pro se* habeas filing." (D.I. 91 at 2.) Petitioner filed a *pro se* Supplement. (D.I. 97.) The State filed an Answer. (D.I. 98.) Petitioner's counsel filed a Reply (D.I. 102), another Reply with Petitioner's *pro se* additions "for clarification purposes" (D.I. 103), and then another amendment to the Reply consisting of a *pro se* submission by Petitioner (D.I. 104).

Judge Noreika considered Petition I (D.I. 3; D.I. 16), Petitioner's Memorandum (D.I. 91), Petitioner's Supplement (D.I. 97), and Petitioner's first Reply (D.I. 102) as collectively comprising Petitioner's request for habeas relief ("Petition II"). (D.I. 106 at 5.) Petition II asserted five grounds for relief: (1) Petitioner's habitual offender sentence is illegal because one of the predicate convictions was invalid; (2) Petitioner's guilty plea was not knowing, voluntary, and intelligent; (3) defense counsel provided ineffective assistance; (4) Petitioner's confession was coerced; and (5) Petitioner was denied his Sixth Amendment right to counsel. Judge Noreika denied Petition II in its entirety on March 21, 2022. (D.I. 106; D.I. 107.) More specifically, Claim One was dismissed for failing to assert an issue cognizable on federal habeas review; Claims Two, Three, and Four were denied for failing to satisfy the deferential standard in 28 U.S.C. § 2254(d); and Claim Five was denied as meritless. (D.I. 106.)

Petitioner appealed and filed in the Third Circuit an application for a certificate of appealability. (*West v. Warden*, C.A. No. 22-1731, D.I. 12 (3d Cir. May 18, 2022).) On August 26, 2022, the Third Circuit denied Petitioner's application for a certificate of appealability with respect to the denial of Petition II, and it terminated Petitioner's appeal. (D.I. 110.) The Third Circuit explained that the

> foregoing application for a certificate of appealability is denied because [Petitioner] has not made "a substantial showing of the denial of a constitutional right" or shown that reasonable jurists would debate the merits determination. . . . In particular, considering all of the evidence in the record, including the "Behavioral Plan" and trial counsel Manning's letter, Petitioner has failed to demonstrate that his plea was not knowing and voluntary . . . or that his counsel rendered ineffective assistance.

(D.I. 110 at 1 (citations omitted).) Petitioner filed a petition for panel rehearing, which the Third Circuit denied. *See West v. Warden*, C.A. No. 22-1731, D.I. 16, 17 (3d Cir. Sept. 23, 2022). Petitioner then filed in the United States Supreme Court a petition for a writ of certiorari, which was denied on April 24, 2023. *See West v. May*, 143 S.Ct. 1782 (Apr. 24, 2023).

Petitioner filed the pending Rule 60(b)(6) Motions for Relief from Judgment on August 11 and 17, 2023. (D.I. 115; D.I. 116.) On October 31, 2023, Petitioner filed a Motion for Prisoner Release pursuant to 18 U.S.C. § 3626. (D.I. 117.) The case was re-assigned to this Court's docket on January 9, 2024. On February 28, 2024, Petitioner filed a document styled "Motion for a Hearing by a Three-Judge Panel." (D.I. 118.)

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have

4

> been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

A Rule 60(b)(6) motion seeking relief for "any other reason" must be filed within a "reasonable time," which is determined by considering the interest of finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice, if any, to other parties. *See Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1998). When considering a Rule 60(b)(6) motion, a court must use a "flexible, multifactor approach . . . that takes into account all the particulars of a movant's case." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014). Granting such a motion, however, is warranted only in the "extraordinary circumstance[ ] where, without such relief, an extreme and unexpected hardship would occur." *Id.* at 120. It is not appropriate in a Rule 60(b) motion to reargue issues that the court has already considered and decided. *See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas petition, the court must first determine if the Rule 60(b) motion constitutes a second or successive habeas request under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

5

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court provided several examples of Rule 60(b) motions that were actually habeas claims. *Id.* at 530-31.

Under AEDPA, a prisoner cannot file a second or successive habeas petition without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent petition. 28 U.S.C. § 2244(b)(3)(A). "When a second or successive habeas petition is erroneously filed in the district court, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

### III. RULE 60(B)(6) MOTIONS FOR RECONSIDERATION[1]

Petitioner asks the Court to reopen his habeas proceeding for the following reasons: (1) none of the Claims in Petition II should have been reviewed under the deferential standard contained in § 2254(d) because the Delaware state courts' ruling in his first Rule 61 proceeding – *West v. State*, 100 A.3d 1022 (Table), 2014 WL 4264922 (Del. Aug. 28, 2014)[2] – did not amount

---

[1] Since Petitioner's Rule 60(b)(6) Motions for Reconsideration are identical, the Court will only cite to Petitioner's first Rule 60(b)(6) Motion for Reconsideration (D.I. 115).

[2] When presenting reason (1) in his Rule 60(b)(6) Motions, Petitioner complains about the Delaware state courts' alleged failure to give him "a full and fair review" of his ineffective assistance of counsel claim ("IATC") in his first Rule 61 proceeding in 2014, but he cites the Delaware Supreme Court's 2016 decision affirming the denial of his Rule 35(a) motion to correct an illegal sentence. (*See* D.I. 115 at 2 n. 8, citing *West v. State*, 148 A.3d 687 (Table), 2016 WL 5349354 (Del. Sept. 23, 2016)). Petitioner did not present an IATC claim in his Rule 35(a) motion

6

to an adjudication on the merits due to the fact that trial counsel was never required to provide an affidavit during Petitioner's first Rule 61 proceeding (D.I. 115 at 2); (2) the Superior Court's failure to conduct an inquiry into Petitioner attending his guilty plea colloquy while in restraints demonstrates that his guilty plea was involuntary and unknowing (D.I. 115 at 3-4); (3) the letter from Petitioner's former trial counsel ("Manning Letter")[3] and the information contained in Petitioner's Behavioral Plan should have been viewed as demonstrating that the Delaware state courts' factual determinations were not entitled to be presumed correct under § 2254(e)(1) (D.I. 115 at 2-3, 7-8); and (4) the absence of an explicit waiver of arraignment by Petitioner in the state court record supports Petitioner's argument that permitting a different public defender to represent him during his preliminary hearing and scheduled arraignment deprived Petitioner of his right to counsel during a critical pre-trial stage, thereby necessitating the application of *United States v. Cronic's* presumed prejudice standard to subargument four of Petitioner's IATC argument in Claim Three (D.I. 115 at 5).

Although presented as Rule 60(b)(6) Motions for Relief from Judgment, the instant Motions do not challenge the integrity of Petitioner's habeas proceeding. Instead, they assert alleged "procedural" errors that, in fact, constitute merits-based attacks on the disposition of

---

in 2016. Therefore, the Court views Petitioner's actual complaint to be that he did not receive a "full and fair review" of his first Rule 61 motion and not a complaint about an alleged deficiency with respect to the review of his Rule 35(a) motion.

[3]In the Manning Letter, Petitioner's former counsel avers he "recall[s] that [Petitioner was] often in physical restraints," that Petitioner's "hands were covered or contained in such a way as to prevent [Petitioner] from grabbing or holding objects, and that, during the plea colloquy, Petitioner was "wearing some type of restraint similar to a 'straightjacket' and some type of mask covering [his] face and mouth." (D.I. 89-2 at 5.) Petitioner asserts that the Manning Letter, dated August 26, 2015, "describes conditions at the time of plea that prevented [Manning] from communicating with [Petitioner] [] to prepare his defense." (D.I. 89-2 at 2.)

7

Petition II,[4] as well as arguments challenging Petitioner's 2012 conviction that were or could have been presented in Petition II. For instance, Petitioner's argument in reason (1) that none of his Claims "were entitled to deference under 28 U.S.C. § 2254(d)" (D.I. 115 at 2) and his argument in reason (3) that the AEDPA standard was applied incorrectly (D.I. 115 at 2-3) challenge the resolution of the merits of the Claims under AEDPA's standards.[5] Petitioner already presented

---

[4]In *Gonzalez v. Crosby*, the Supreme Court provided the following guidance for distinguishing between true Rule 60(b) arguments that challenge the integrity of a habeas proceeding and merits-based arguments that constitute second or successive habeas requests:

> The term "on the merits" has multiple usages. We refer here to a determination that there exist or do not grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d). When a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-the-limitations bar.

*Gonzalez v. Crosby*, 545 U.S. 524, 532 n. 4 (2005) (cleaned up). Petitioner argues that the wrong AEDPA standard was applied when reviewing Petition II (*see supra* at reason (1)), that an AEDPA standard was incorrectly applied (*see supra* at reason (3)), and that an incorrect IATC standard was applied (*see supra* at reason (4)). Applying the *Gonzalez* framework to Petitioner's arguments demonstrates that reasons (1), (3), and (4) constitute merits-based attacks on the disposition of Petition II.

[5]In reason (3), Petitioner argues that the information in the Manning Letter and in his Behavioral Plan constitutes clear and convincing evidence rebutting the Delaware state courts' factual determination that he was competent to enter a guilty plea and that he knowingly and voluntarily entered the guilty plea. Judge Noreika explicitly considered Petitioner's underlying concerns about the effect of his mental health issues expressed in reason (3) – as set forth in Petitioner's November 9, 2011 Forensic Mental Health Examination Report (D.I. 99-6 at 142-154) – when denying as meritless Claim Two's argument that Petitioner's guilty plea was involuntary and unknowing. (*See* D.I. 106 at 13-20.) Although Judge Noreika did not explicitly consider Petitioner's Behavioral Management Plan dated December 14-16, 2011 (D.I. 103-1) and the Manning Letter (D.I. 89-2 at 4-5) when denying Claims Two and Three, Petitioner's contention that consideration of these items would have resulted in a different disposition of Claims Two and Three is, again, a merits-based challenge to the adjudication of those Claims. Additionally, the Court notes that the information in those documents does not rebut the Superior Court's factual

reason (2)'s complaint about him wearing restraints during the plea colloquy, and Judge Noreika explicitly considered the issue of Petitioner's restraints when denying as meritless Claim Two's argument that Petitioner's guilty plea was involuntary and unknowing. (*See* D.I. 106 at 13-20.) And finally, reason (4)'s contention that the absence of an explicit waiver of arraignment demonstrates "abandonment" under *Cronic* essentially reasserts the argument he presented in Claim Five of Petition II.

Given these circumstances, the Court concludes that the instant Motions constitute a second or successive habeas request under 28 U.S.C. § 2244. *See, e.g., Benchoff v. Colleran,* 404 F.3d 812, 814 (3d Cir. 2005) (where the Third Circuit found that because two of petitioner's three parole denials occurred before the petitioner filed his first petition challenging his underlying conviction, the petitioner could have raised the parole claim in that petition, and the instant petition was therefore second or successive); *Long v. Penn. Bd. Probation and Parole*, No. 14-4171, 2017 WL 3412629, at *2-3 (E.D. Pa. Aug. 9, 2017) (dismissing as second or successive a petition challenging the Parole Board's most recent denial of Long's parole on two of the same constitutional bases that he asserted in his previous federal habeas petitions). Since Petitioner does not allege, and the record does not indicate, that the Third Circuit Court of Appeals authorized the filing of the instant Motions, the Court concludes that it lacks jurisdiction to consider Petitioner's unauthorized second or successive habeas request. *See* Rule 4 of the Rules Governing Section

---

determination that Petitioner understood the nature of the proceedings against him and was competent to enter a guilty plea (*See* D.I. 106 at 15-18) or the Delaware state courts' finding that Petitioner discussed the plea extensively with trial counsel (*See* D.I. 106 at 24), as demonstrated by the Third Circuit's denial of Petitioner's application for a certificate of appealability. (*See* D.I. 110 at 1, stating "In particular, considering all of the evidence in the record, including the 'Behavioral Plan' and trial counsel Manning's letter, Petitioner has failed to demonstrate that his plea was not knowing and voluntary [] or that his counsel rendered ineffective assistance.").

2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139. The Court also concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the instant Motions comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the instant Motions for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

### IV. MOTION FOR PRISONER RELEASE

Petitioner has also filed a Motion for Prisoner Release pursuant to 18 U.S.C. § 3626. Petitioner asserts that he has been medically diagnosed as suffering from "PTSD, major depression, and poly-substance abuse disorder," and that he is "experiencing serious exacerbation of depression" due to the fact that he was placed in solitary confinement (*i.e.*, the secured housing unit known as the "SHU") from May 31, 2023 to October 1, 2023. (D.I. 117 at 1-2.) He alleges that the Delaware Department of Correction ("DOC") violated its own policy standards concerning medically assisted withdrawal and treatment (*see* D.I. 117-3) while he was in the SHU, and that the length of his time in the SHU violated an Agreement and Order between the DOC and the Community Legal Aid Society ("CLASI Agreement") limiting non-disciplinary solitary confinement for seriously mentally ill inmates to 90 days (*see* D.I. 117-2). Petitioner contends "he will suffer irreparable harm from violations of his 8th Amendment federal rights" if he is not immediately released from custody. (D.I. 117 at 1-3.) He explicitly seeks the following "narrowly drawn" relief: (1) expedited review of his Rule 60(b) motions; and (2) to be released during the pendency of "any state appeal" because he believes he will be released "upon the final review of said Rule 60(b)" motions. (D.I. 117 at 3.) Petitioner also appears to seek a preliminary injunction

10

directing the DOC to release him from custody so that he can "obtain treatment for his mental health and addiction/medical disorders that current DOC policy prevents." (D.I. 117-4)

The Court perceives several ways of construing the instant Motion for Prisoner Release, none of which provide Petitioner with an avenue for relief in this proceeding. For instance, Petitioner's request for an expedited review of his Rule 60(b)(6) Motions and/or to be released during the pendency of the Rule 60(b)(6) Motions has been rendered moot by the Court's decision to deny Petitioner's Rule 60(b)(6) Motions for lack of jurisdiction. To the extent the allegations in the Motion for Prisoner Release assert a freestanding claim that Petitioner's conditions of confinement violate the Eighth Amendment, Petitioner must present such a claim pursuant to 42 U.S.C. § 1983. To the extent the instant Motion is a "true" Motion for Prisoner Release filed pursuant to 18 U.S.C. § 3626(a)(3), the Court lacks the authority to provide such relief, because, *inter alia*, § 3626(a)(3) prohibits a single district judge from entering a release order. *See* 18 U.S.C. § 3626(a)(3)(B) ("In any civil action in Federal court with respect to prison conditions, a prisoner release order shall be entered only by a three-judge court in accordance with section 2284 of title 28, if the requirements of subparagraph (E) have been met.").

And finally, to the extent the Court should view the instant Motion as seeking a preliminary injunction directing the Delaware DOC to release Petitioner "from custody so he may obtain treatment for his mental health and addiction/medical disorders that current DOC policy prevents" (*see, e.g.*, D.I. 117-4 at 1, citing Fed. R. Civ. P. 65(a)), Petitioner has failed to demonstrate that a preliminary injunction is warranted. Among other problems with Petitioner's request, he has not demonstrated that he is currently housed in the SHU and that he is not receiving treatment for his

mental health issues and addiction/medical disorders.[6] Additionally, Petitioner's complaint regarding his medical treatment is unrelated to the instant habeas proceeding and must be pursued (if anywhere) in a separate § 1983 action.

Accordingly, the Court will deny the instant Motion for Prisoner Release.

## V.   MOTION FOR HEARING BY A THREE-JUDGE PANEL

Petitioner has also filed a document titled "Motion for Hearing by a Three-Judge Panel." (D.I. 118.) Petitioner specifically asks for a change of venue to the Third Circuit and/or for the Court to forward his Rule 60(b)(6) Motions and Motion for Prisoner Release "to a three judge panel in the Third Circuit." (D.I. 118 at 1-2; D.I. 118-2)

To the extent Petitioner requests a change of venue to the Third Circuit because he wants a faster resolution for his Rule 60(b)(6) Motions and Motion for Prisoner Release, the Court will deny the Motion because Petitioner's request for expedited review has been rendered moot by the Court's denial of those Motions in this Memorandum Opinion.

To the extent the Court should liberally construe the instant Motion as asking the Court to grant the same relief requested in Petitioner's Motion for Prisoner Release (*i.e.*, expedited review of his Rule 60(b)(6) motions, release, and an injunction), the Court will deny the Motion for

---

[6]Petitioner filed his Motion for Prisoner Release in October 2023. On February 28, 2024, he filed a Motion for Hearing by a Three-Judge Panel with an attached Disciplinary Report. (D.I. 118 at 6.) The Disciplinary Report is dated December 14, 2023, and it states that Sergeant N. Figueroa took a cup with Petitioner's medication (Wellbutrin) out of Petitioner's cell on December 14, 2023 due to Petitioner's failure to obey the nurse's order to put water in the cup. (D.I. 118 at 6.) The Disciplinary Report also states that Petitioner was moved to the SHU because he feared for his life. (*Id.*) Nothing in the Disciplinary Report indicates that Petitioner's medication was to be withheld after his transfer to the SHU. In addition, Petitioner has not provided any documentation suggesting that he is still being held in the SHU and that he is not receiving his medication.

Hearing by a Three-Judge Panel for the same reasons it is denying his Motion for Release. *See supra* at Section IV.

To the extent the Court should liberally construe the instant Motion as asking this Court to convene a panel of three district court judges to hear his request to be released under 18 U.S.C. § 3626(a)(3), the Court will deny the request. Petitioner appears to argue that he is entitled to a three-judge panel under 18 U.S.C. § 3626 because he alleges that his prison conditions violate the Eighth Amendment. He is mistaken. Section 3626(a)(3)(B) provides that "a prisoner release order shall be entered only by a three-judge court in accordance with section 2284 of title 28, if the requirements of subparagraph (E) have been met." Section 3626(a)(3)(E) provides that a three-judge panel may issue a prison release order "only if the court finds by clear and convincing evidence that – (i) crowding is the primary cause of the violation of a Federal right; and (ii) no other relief will remedy the violation of a Federal right." 18 U.S.C. § 3626(a)(3)(E). Although Petitioner's Motion for Prisoner Release alleges that "the issues within the Del. DOC are all primarily tied to overcrowding" (D.I. 117 at 4),

Petitioner's complaints regarding prison conditions and medical treatment are unrelated to the instant habeas proceeding and must be pursued (if anywhere) in a separate § 1983 action. What's more, there is no suggestion that any alleged overcrowding is the "primary cause" of the alleged violation of any of Petitioner's Eighth Amendment rights. Accordingly, the Court will deny the instant Motion for Hearing by a Three-Judge Panel to the extent it seeks relief in this Court.

To the extent Petitioner asks the Court to forward his Motion for Hearing by a Three-Judge Panel to the Third Circuit, the Court notes that the Clerk of Court has forwarded the instant Motion to the Third Circuit Court of Appeals.

## VI. CONCLUSION

For the aforementioned reasons, the Court will deny Petitioner's Rule 60(b)(6) Motions for Relief from Judgment, his Motion for Prisoner Release pursuant to 18 U.S.C. § 3626, and his Motion for Hearing by a Three-Judge Panel to the extent it seeks relief in this Court. (D.I. 115; D.I. 116; D.I. 117; D.I. 118.) The Court also declines to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). An appropriate Order will be entered.