IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHRISTOPHER H. WEST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 14-1513 (JLH) |
| | ) |
| BRIAN EMIG, Warden, and | ) |
| ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents.[1] | ) |

## MEMORANDUM ORDER

Pending before the Court is Petitioner Christopher H. West's "Motion for Reconsideration Pursuant to Rule 60(b)(6)." (D.I. 128.) Although this case has a prolonged procedural history (before three different district court judges), only the details necessary for resolving the instant Motion are provided.[2] In 2014, Petitioner filed a pro se federal habeas petition, which the Court dismissed as time barred. (D.I. 67; D.I. 68.) The Court denied Petitioner's subsequent Motion for Reconsideration. (D.I. 78.) On appeal, the Third Circuit remanded the case for a determination on whether equitable tolling was appropriate. (D.I. 84.) On remand, Respondents waived the statute of limitations defense. (D.I. 86.) The case was reopened and after additional briefing, including clarification of the claims presented, the Court denied the habeas petition on March 21, 2022. (D.I. 106; D.I. 107.) The Third Circuit denied Petitioner's subsequent application for a

---

[1] The caption has been amended in accordance with directive number 3 of this Order.

[2] A more detailed history can be found in this Court's Memorandum Opinion (D.I. 121) denying Petitioner's prior motions for reconsideration. *West v. May*, No. 14-1513-JLH, 2024 WL 1050849, at *1-2 (D. Del. Mar. 11, 2024), *certificate of appealability denied sub nom. West v. Warden James T. Vaughn Corr. Ctr.*, No. 24-1611, 2024 WL 5500819 (3d Cir. Dec. 17, 2024).

certificate of appealability. (D.I. 110.) Petitioner then filed a petition for rehearing with the Third Circuit and a petition for a writ of certiorari in the United States Supreme Court, both of which were denied. *See West v. May*, 143 S. Ct. 1782 (Apr. 24, 2023); *West v. Warden, James T Vaughn Corr. Ctr.*, No. 22-1731, 2022 WL 15398960 (3d Cir. Sept. 23, 2022). Petitioner filed two Motions for Reconsideration under Federal Rule of Civil Procedure 60(b)(6), and the case was subsequently reassigned to me. I dismissed the Rule 60(b) motions on March 11, 2024, for lack of jurisdiction as unauthorized second or successive habeas requests. (D.I. 121; D.I. 122.) The Third Circuit denied Petitioner's request for a certificate of appealability. (D.I. 127.)

Petitioner's pending Motion for Reconsideration was placed in the prison mail on August 24, 2025. (D.I. 128-5 at 1.) In the Motion, Petitioner asserts that he "advances now one main claim, that both his initial habeas review in 2022 and this Court's denial of his 60(b) in 2024 failed to review all his claims, that being the delay from the obstruction of his original petition in the summer of 2014, July 4th, prejudiced [Petitioner's] due process appellate rights." (D.I. 128 at 1.) As best the Court can tell, Petitioner's argument seems to be that the Court should not have permitted Respondents to waive the statute of limitations defense because that waiver violated his right to demonstrate how the delay in reviewing his federal habeas petition prejudiced him.[3] (D.I. 128.) Petitioner seeks relief under Rule 60(b)(6), which permits a court to relieve a party from a final judgment, order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

---

[3] Although Petitioner says that he is raising only one claim, he asserts that Respondents filed an incorrect housing log with the Court in 2021. The housing log relates to whether Petitioner tried to file a timely petition – an issue that became irrelevant when Respondents waived the statute of limitations defense.

2

If Petitioner's Rule 60(b) Motion "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits," the motion is barred as an unauthorized second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 529-32 (2005); 28 U.S.C. § 2244(b)(3)(A). But if Petitioner's Rule 60(b) Motion "attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction," Petitioner's Rule 60(b) motion "may be adjudicated on the merits." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). In any event, the pending Rule 60(b) Motion is time barred because it was not brought within a reasonable time.[4] *See* Fed. R. Civ. P. 60(c)(1) (requiring all Rule 60(b) motions be filed "within a reasonable time," and those brought under Rule 60(b)(1), (2) or (3) be filed within one year after entry of judgment or order or date of proceeding).

Even if Petitioner's Motion were timely, Rule 60(b)(6) has been interpreted narrowly as applying only in "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *United States v. Doe*, 810 F.3d 132, 152 (3d Cir. 2015) (quoting *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014)). Such extraordinary circumstances "will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535. Petitioner argues that the Court should not have permitted Respondents to waive the statute of limitations defense. I disagree that allowing Respondents to waive the statute of limitations defense amounts to extraordinary circumstances. *Cf. Wood v. Milyard*, 566 U.S. 463, 466 (2012) (recognizing precedent that "court is not at liberty . . . to bypass, override, or excuse a State's deliberate waiver of a limitations

---

[4] The pending Rule 60(b) Motion was filed on or about August 24, 2025, over three years after his federal habeas petition was denied on March 21, 2022, and over one year and five months after his prior Rule 60(b) motions were dismissed. In his Rule 60(b) Motion, Petitioner indicates that his mental health, conditions of confinement and an incident on September 5, 2024 in which his legal work was damaged and discarded impacted his ability to file his claim. (D.I. 128 at 7.) The Court finds these circumstances insufficient to excuse the delay.

3

defense") (citing *Day v. McDonough*, 547 U.S. 198, 202, 210 n.11 (2006)).  Respondents' waiver had the same result as if Petitioner had succeeded in an adjudication on the merits of his equitable tolling claim – the Court proceeded to review Petitioner's federal habeas petition on its merits.

NOW, THEREFORE, at Wilmington, on this 27th day of February, 2026, **IT IS HEREBY ORDERED** that:

1. Petitioner Christopher H. West's "Motion for Reconsideration Pursuant to Rule 60(b)(6)" (D.I. 128) is **DENIED**.

2. To the extent one is required, the Court declines to issue a certificate of appealability because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

3. The Clerk shall amend the case caption on the docket by substituting Warden Brian Emig for former Warden Robert May, an original party to the case.  *See* Fed. R. Civ. P. 25(d).

_____
The Honorable Jennifer L. Hall
United States District Judge